IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STACY COX, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV126 |
| | ) | |
| V. | ) | |
| | ) | |
| FIRST NATIONAL BANK, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the Court on Plaintiff's Motion to Extend Deadlines. (Filing 44.) For the reasons explained below, the motion will be denied.

### BACKGROUND

    This action, in which Plaintiff seeks redress for alleged violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., was filed in this Court on April 18, 2013. (Filing 1.) The Order Setting Final Schedule for Progression of Case ("Progression Order") (filing 24) was entered on September 30, 2013. The Progression Order required that Plaintiff disclose expert witnesses no later than February 14, 2014. (*Id*.) The Progression Order further required that written discovery be completed by April 30, 2014, and that depositions be completed by May 30, 2014. (*Id*.) Trial is scheduled to begin during the week of August 19, 2014. (*Id*.)

    The parties conducted the depositions of multiple witnesses throughout the months of September, 2013; December, 2013; and January, 2014. However, the deposition of witness Larry Echelmeyer ("Echelmeyer"), originally scheduled for December, 2013, was postponed due to the hospitalization of Echelmeyer's wife. The deposition was ultimately conducted on April 15, 2014.

    On June 4, 2014, Defendant filed a Motion for Summary Judgment (filing 40). The following day, Plaintiff filed the instant motion, requesting that the Court modify the

Progression Order to give her until July 15, 2014, to disclose expert witnesses. The motion also requests that trial be continued. Defendant opposes the motion.

## DISCUSSION

A progression schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal quotation and citation omitted). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). When a motion to modify is made after the deadline set in the progression order, the court may extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[T]he determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (internal quotation and citation omitted).

Plaintiff maintains that an extension of the expert disclosure deadline is warranted because Plaintiff could not have appropriately evaluated her need for expert witness testimony in this case prior to the completion of witness depositions. Plaintiff claims that following Echelmeyer's deposition, she promptly reviewed the evidence as a whole, worked diligently to locate an appropriate expert and then filed the motion for extension of time. The Court finds these explanations insufficient to justify modification of the Progression Order, particularly at this late juncture in the case.

Plaintiff's stated reason for seeking an amendment to the Progression Order was surely apparent before the expiration of the expert disclosure deadline on February 14, 2014. If, as Plaintiff claims, a proper evaluation of the need for expert testimony could not have occurred until after all depositions had been concluded, Plaintiff, knowing that all depositions had not been completed, should have moved to extend the disclosure deadline prior to its expiration. Moreover, although Echelmeyer was deposed on April 15, 2014, Plaintiff waited until June 5, 2014, to request an extension of time. Certainly, Plaintiff's need for expert

testimony would have been apparent soon after Echelmeyer's deposition. Plaintiff has not demonstrated good cause for modification of the Progression Order and has not offered a sufficient explanation for her failure to request an extension at an earlier time. There has been no showing of excusable neglect. Therefore, modification of the Progression Order is not warranted.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Extend Deadlines (filing 44) is denied.

2. Plaintiff's Motion to Extend Time to Respond to Motion for Summary Judgment (filing 48) is granted, in part. Plaintiff shall respond to Defendant's Motion for Summary Judgment (filing 40) by July 2, 2014.

**DATED June 18, 2014.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**